UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DANIEL GIRMA,

                Plaintiff,

    v.

LUCKY'S GAMING AND SPIRITS CASINO,

                Defendant.

Case No. 2:26-cv-511-JAD-BNW

**ORDER**

## I.  PROCEDURAL BACKGROUND

Plaintiff alleges he was terminated from his employment based on several prohibited legal bases. Plaintiff filed his original complaint on March 4, 2026. ECF No. 1. Defendant moved to dismiss. ECF No. 9. Plaintiff then filed a First Amended Complaint (FAC), superseding the original complaint. ECF No. 12. In turn, this Court denied the motion to dismiss without prejudice as moot. ECF No. 13.

Shortly thereafter, Defendant moved to dismiss the FAC. ECF No. 15. And shortly after that, Plaintiff moved for summary judgement. ECF 19. Both of those motions are ripe and pending before the Court.

On May 6, 2026, Plaintiff filed the motion presently before this Court seeking leave to file a Second Amended Complaint (SAC). ECF No. 21. Defendant opposed and supplemented his response. ECF Nos. 23, 26.[1]

The proposed SAC contains all the causes of action in the FAC—the operative complaint— and seeks to add a claim under 42 U.S.C. § 1981. This Court now addresses whether leave to amend should be granted.

---

[1] This Court will allow Defendant to supplement his opposition to the motion to amend despite the fact it did not comply with the local rules for the reasons discussed at ECF No. 26. The District Court will make its own determination as to whether to allow Defendant to supplement the opposition to the motion for summary judgment.

This Court held a hearing on June 17, 2026. ECF No. 28. The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to this order.

## II.    LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th

2

Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

## III.    ANALYSIS

### A.  Prejudice — The Touchstone Factor

The Court begins with the most important consideration: prejudice to the opposing party. Prejudice is the "touchstone" of the Rule 15(a) inquiry. *Eminence Capital*, 316 F.3d at 1051. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* at 1052.

"Prejudice," in the context of a motion to amend, means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v. Cryptozoic Ent. LL*C, 309 F.R.D. 645, 652 (W.D. Wash. 2015). At the hearing, Defendant candidly conceded that its prejudice argument rests on anticipated litigation costs. This Court finds that such concerns do not constitute the kind of prejudice that warrants denial of leave to amend.[2] Moreover, courts have often held that no prejudice exists when a motion for leave to amend is brought (as here) "at an early stage in the proceedings*." SAP Aktiengesellschaft v. i2 Techs., Inc*., 250 F.R.D. 472, 474 (N.D. Cal. 2008). The absence of any showing of prejudice weighs heavily in favor of granting leave to amend.

### B.  Bad Faith

Defendant argues that Plaintiff continues to alter his theories of recovery. However, this Court is mindful that Plaintiff is proceeding pro se. The record reflects that Plaintiff is attempting to refine and clarify his claims rather than acting with an improper purpose. This Court does not find that the proposed amendment is sought in bad faith. This factor weighs in favor of granting leave.

### C.  Prior Amendment

Plaintiff filed a First Amended Complaint—as a matter of right—on March 31, 2026, in response to Defendant's motion to dismiss. This is Plaintiff's *first* motion seeking leave to amend in order add the § 1981 claim. There has been no prior opportunity to cure the deficiencies

---

[2] As discussed during the hearing, Defendant is free to file a motion to stay the case and/or discovery after (1) Plaintiff files the SAC and (2) Defendant files a new motion to dismiss.

identified below, and therefore no repeated failure to do so. This factor is neutral or weighs in Plaintiff's favor.

### D. Futility

At the outset, the Court recognizes that Defendant raises several challenges to the Title VII claims based on failure to exhaust administrative remedies. But the Title VII claims are already part of the operative complaint. That is, the only question before the Court is whether Plaintiff should be allowed to amend his operative complaint to add a 42 U.S.C. § 1981 claim.

The proposed SAC adds a claim that reads as follows:

> Third Claim: Race/Color Discrimination under Title VII (42 U.S.C. § 2000e-2(a)) and 42 U.S.C. § 1981.
>
> 18. Plaintiff, a Black man, was terminated while David (Caucasian) faced no discipline for similar or worse conduct.
> 19. This favoritism reflects discriminatory animus based on race/color.

ECF No. 21 at 4. There are a few problems with this claim.

First, Title VII and 42 U.S.C. § 1981 cannot be collapsed into a single count. Each statute must be pleaded separately.

Second, 42 U.S.C. § 1981 is not a "color discrimination" statute. Instead, Section 1981 makes it unlawful to intentionally discriminate because of race when "mak[ing] and enforc[ing] contracts," which includes "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). To state a § 1981 claim against a private defendant like American Airlines, Plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right with defendant was impaired, (3) Defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment. *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024). Only a *race* discrimination claim may proceed under 42

4

U.S.C. § 1981.[3]

Third, Defendant argues that when pleading a 42 U.S.C. § 1981 claim, Plaintiff cannot (1) include any basis other than race at the pleading stage to support the claim and (2) cannot plead other Title VII claims in the complaint which would suggest that the reason for the injury was anything other than race.

As explained above, Plaintiff must plead that race was the but-for cause of the adverse action. That burden applies at the pleading stage with the same force as at trial. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332 (2020). Pleading both race and color as parallel causes of the injury introduces a non-cognizable basis for relief, fractures the but-for causal chain for race, and reads as precisely the kind of multi-factor motivating theory *Comcast* forecloses. But that does not mean Plaintiff cannot allege other—separate claims—under Title VII as FRCP 8(d)(2) provides a basis for pleading in the alternative.

As currently pled, that claim fails as a matter of law. But this Court does not find that Plaintiff is incapable of stating a viable 42 U.S.C. § 1981 claim. As a result, this Court will deny the proposed SAC but allow Plaintiff leave to file a new SAC.

## III.    CONCLUSION

Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED. But Plaintiff is NOT given leave to add any additional claims or parties beyond those in ECF No. 21. Plaintiff is also cautioned that the filing of a Second Amended Complaint will likely render moot Defendant's pending motion to dismiss and Plaintiff's pending motion for summary judgment. In short, it appears Defendant will have briefed three substantive motions, expending considerable resources, on matters that never reach decision on the merits. This Court will not look favorably on an amended pleading that does not cure the pleading deficiencies identified in this Order.

---

[3] This Court recognizes that many use "color" and "race" interchangeably. But Title VII expressly enumerates race and color as separate and distinct protected characteristics. 42 U.S.C. § 2000e-2(a). Although the two often overlap, they are not synonymous. The EEOC reads "color" to refer to a person's pigmentation, complexion, or skin shade or tone — a characteristic that can give rise to discrimination even between persons of the same race. *See* EEOC, Facts About Race/Color Discrimination.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that the SAC is due no later than July 17, 2026. Failure to file the SAC by that deadline will result in the case proceeding under the current operative complaint.

DATED this 18th day of June, 2026.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

6